IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| NANERTHA WRIGHT, as personal representative of the Estate of MARY B. COACHMAN, deceased, ) ) ) ) | |
| Plaintiff, ) ) | |
| v. ) ) | Civil Action No.: 2:06-CV-1041-WKW |
| WOODLEY MANOR NURSING HOME, et al., ) ) ) | |
| Defendants. ) | |

RECEIVED
2006 NOV 20 P 2: 36
DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE that Defendant Living Centers-East, Inc., d/b/a Woodley Manor Health and Rehabilitation Center (improperly designated in Plaintiff's Complaint as Woodley Manor Nursing Home), hereby petitions this Court for removal of the above-captioned action from the Circuit Court of Montgomery County, Alabama, to the United States District Court for the Middle District of Alabama pursuant to 28 U.S.C. § 1441 *et seq.*, on the basis of the following facts, which demonstrate the existence of subject matter jurisdiction in this Court:

1. On or about October 2, 2006, Plaintiffs commenced this civil action, which was assigned Case No. 2006-2572 in the Circuit Court of Montgomery County, Alabama, by filing a Complaint. (True and correct copies of all process, pleadings, discovery, and orders served upon Defendant to date in the Circuit Court of Montgomery County, Alabama, are attached hereto collectively as Exhibit 1.)

2. On or about October 24, 2006, Defendant was served by certified mail with a Summons and the Complaint, the initial pleading setting forth the purported claims for relief.

{W0581550.1}                              1

Thus, this Notice of Removal is timely since it is being filed within 30 days of October 24, 2006. *See* U.S.C. § 1446(b).

3.  As more fully described below, this Court has jurisdiction over this action, pursuant to 28 U.S.C. § 1332, because it is a civil action in which the amount in controversy exceeds the sum of $75,000, exclusive of costs and interest, and it is between citizens of different states.

A.  **Complete Diversity**

4.  There is complete diversity between the Plaintiff and Defendant. Paragraph 1 of Plaintiff's Complaint alleges that the Plaintiff is a resident of Montgomery County, Alabama. Defendant is incorporated in Delaware with its principal place of business in the State of Georgia. Accordingly, the Defendant is a citizen of Delaware and Georgia for purposes of determining diversity. 28 U.S.C. § 1332(c)(1). Thus, there is complete diversity between the Plaintiff, who is an Alabama citizen, and the Defendant.

B.  **The Amount In Controversy Exceeds $75,000**

5.  Plaintiff alleges that the decedent, Mary B. Coachman, suffered death as a result of the allegedly negligent nursing treatment she received at Defendant's nursing facility. (Complaint at Count 1 ¶¶ 20, Count III). Although the Complaint does not specify a monetary demand, Plaintiff seeks to recover unspecified punitive damages. (Complaint at ¶ 37). Where a plaintiff has made an unspecified demand for damages in state court, diversity jurisdiction is not defeated when the removing defendant proves by a preponderance of the evidence that the amount in controversy more likely than not exceeds the jurisdictional minimum. *Tapscott v. MS Dealer Service Corp.*, 77 F.3d 1353 (11th Cir. 1996) (abrogated on other grounds by *Cohen v. Office Depot, Inc.*, 204 F.3d 1069 (11th Cir. 2000)).

6.   It is apparent that the amount in controversy exceeds $75,000. Under Alabama law, by bringing a civil action under the Alabama Medical Liability Act and Alabama Wrongful Death Act, the Plaintiff can claim and recover punitive damages. *See* Ala. Code § 6-5-480, *et seq.* and § 6-5-540, *et seq.* (1975), and Ala. Code § 6-5-410. The amount and nature of damages to which the Plaintiff alleges she is entitled demonstrate that the amount in controversy exceeds the jurisdictional minimum of $75,000.

7.   In addition, it is not uncommon under such circumstances for Alabama juries to award punitive damages in excess of $75,000. For example, in *Estate of Dorothy Pugh v. Tongco, et al.*, in the Circuit Court of Mobile County, an elderly woman fell at home and was transported to Mobile Infirmary where she later died of a subdural hematoma. *See* THE ALABAMA JURY VERDICT REPORTER: YEAR IN REVIEW 2004, 3rd ed. 2005. A jury awarded the Estate $2.75 million based on the negligence of the hospital and physicians. *See id.* In *Timmons v. Ware et al.*, CV-99-2769, in the Circuit Court of Montgomery County, a plaintiff was awarded $14.5 million in a medical negligence action that resulted in the death of the plaintiff. See THE ALABAMA JURY VERDICT REPORTER: YEAR IN REVIEW 2003, 2nd ed. 2004. Additionally, the average verdict in medical malpractice cases from 2002 to 2005 was $449,474.00. *See* ALABAMA JURY VERDICT REPORTER: YEAR IN REVIEW 2005, 4th ed. 2006.

8.   Venue is proper in this Court pursuant to 28 U.S.C. § 1441(a) because it is the district and division embracing the place where the state court action is pending.

9.   No previous application has been made for the relief requested herein.

10. This Notice of Removal has been served on all named parties to the removed case.

11. A written Notice of Filing Notice of Removal, together with a copy of this Notice, will be filed with the Clerk of Court for the Circuit Court of Montgomery County Alabama, and will be served upon the Plaintiff, as required by 28 U.S.C. § 1446(d).

                                                                           */s/ Gina Pearson-Hines*
David W. Proctor
Gina Pearson-Hines
Angela C. Cameron
Attorneys for Defendant Living Centers-East, Inc., d/b/a Woodley Manor Health & Rehabilitation Center

JOHNSTON BARTON PROCTOR & POWELL LLP
2900 AmSouth/Harbert Plaza
1901 6th Avenue North
Birmingham, Alabama 35203
Telephone: (205) 458-9400
Facsimile: (205) 458-9500

    OF COUNSEL

## CERTIFICATE OF SERVICE

I hereby certify that I have filed the above and foregoing with the Clerk of the Court, and have served Plaintiff by U.S. Mail at the following:

Ms. Nanertha C. Wright
1547 Oakland Street
Montgomery, AL 36108

On this, the 20th day of November, 2006.

                                              /s/ Pearson Hunei
                                              Of Counsel

# Exhibit 1

**CT CORPORATION**
A WoltersKluwer Company

**Service of Process Transmittal**
10/24/2006
Log Number 511585750



| | |
|---|---|
| **TO:** | Kristy Prince, Litigation Manager<br>Mariner Health Care, Inc<br>5300 W. Sam Houston Parkway North, Suite 200<br>Houston, TX, 77041 |
| **RE:** | **Process Served in Alabama** |
| **FOR:** | Living Centers - East, Inc. (Domestic State: DE) |

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Nanertha Wright, as personal representative for the Estate of Mary B. Coachman, deceased, Pltf. vs. Woodley Manor Nursing Home, et al., Dfts |
| **DOCUMENT(S) SERVED:** | Summons, Complaint, Return on Service |
| **COURT/AGENCY:** | Montgomery County Circuit Court, AL<br>Case # CV 06 2572 |
| **NATURE OF ACTION:** | Medical Injury - Improper Care and Treatment - failure to provide reasonable care |
| **ON WHOM PROCESS WAS SERVED:** | The Corporation Company, Montgomery, AL |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 10/24/2006 at 10:00 |
| **APPEARANCE OR ANSWER DUE:** | 30 days |
| **ATTORNEY(S) / SENDER(S):** | Nanertha C. Wright<br>1547 Oakland St.<br>Montgomery, AL, 36108<br>334-264-5203 |
| **REMARKS:** | According to the AL Secretary of State, Woodley Manor Nursing Home merged into Living Centers - East, Inc. on 9/30/1994. |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via Fed Ex 2 Day, 798527017508<br>Email Notification, Kristy Prince KPrince@MarinerHealthCare.com |
| **SIGNED:**<br>**ADDRESS:** | The Corporation Company<br>2000 Interstate Park Drive<br>Suite 204<br>Montgomery, AL, 36109 |
| **TELEPHONE:** | 334-387-7680 |

Page 1 of 1 / LP

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of the package only, not of its contents.

|  |  |
|---|---|
| SUMMONS<br>CIVIL | Case Number<br>CV 2006- **2572** |

### IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA
### Civil Division

**Nanertha C. Wright, as personal representative of Estate of Mary B. Coachman v. Woodley Manor Nursing Home**

**NOTICE TO :** The Corporation Company, 2000 Interstate Park Drive, Montgomery, AL 26109

THIS COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOU ATTORNEY TO THE PLAINTIFF OR

PLAINTIFF'S ATTORNEY   None– pro se ,Nanertha C. Wright 1547 Oakland St. Montgomery, AL 36108 334-264-5203

THIS ANSWER MUST BE MAILED OR DELIVERED WITHIN _30_ DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.

---

**TO ANY SHERIFF OR ANY PERSON AUTHORIZED** by the Alabama Rules of Civil Procedure:

[X] You are hereby commanded to serve this summons and a copy of the complaint in this action upon defendant.

[ ] Service by certified mail of this summons is initiated upon the written request of _____ pursuant to the Alabama Rules of Civil Procedure.

Date __10/18/06__   _Melissa Rittenour_ (signature)   By: _X_
                    Clerk/Register

---

[ ] Certified Mail is hereby requested.

_____
Plaintiff's/Attorney's Signature

**RETURN ON SERVICE:**

[ ] Return receipt of certified mail received in this office on _____ (Date)

[ ] I certify that I personally delivered a copy of the summons and complaint to _____

_____ in _____ County, Alabama on _____ (Date)

_____        _____
Date                     Server's Signature

_____        _____
Address of Server        Type of Process Server

IN THE CIRCUIT COURT FOR MONTGOMERY COUNTY, ALABAMA

NANERTHA WRIGHT,
as personal representative for the
Estate of Mary B. Coachman,
deceased,
    Plaintiff,

CV 2006-2572

v.

WOODLEY MANOR NURSING HOME,
and A, B, C those persons,
organizations or businesses
whose names are unknown at this time,
    Defendants.

## COMPLAINT

Comes now Nanertha Wright as the personal representative of the Estate of Mary B. Coachman, deceased and files this complaint against the above named defendant(s) and states as follows:

## JURISDICTION AND VENUE

1. This court has jurisdiction over this complaint as the Plaintiff resides in Montgomery County, Alabama; the named and yet to be named Defendant(s) do/does business in Montgomery County, Alabama and the act or omission that forms the basis for this complaint occurred in Montgomery County, Alabama.

2. The amount sought by the Plaintiff is within the jurisdictional limits of the Circuit court.

## PARTIES

3. The Plaintiff, Nanertha Wright, is over the age of 19 and is the daughter of the deceased. She is the personal representative of the deceased's estate and is the proper party to bring this action.

4. Defendant, Woodley Manor Nursing Home (hereinafter "Woodley Manor"), is a nursing home facility doing business in Montgomery County, Alabama.

5. Fictitious Defendants A, B, C are those persons, physicians, health care providers, professional corporations, hospitals, health care facilities, organizations or businesses who might otherwise be liable to Plaintiff and whose identifies are unknown to Plaintiff at the filing of this action, but who will be added by amendment when ascertained.

## FACTS

6. Mary Coachman, decedent was a resident of Woodley Manor Nursing Home, Montgomery, Alabama from approximately July 2001 until September 2004.

7. Ms. Coachman had suffered from a stoke which caused paralysis on the right side of her body. She was to receive occupational therapy. She never did.

8. In July 2004 the staff was attempting to move Ms. Coachman from her bed and was using a Hoya lift. The staff dropped Ms. Coachman injuring her causing a skinned knee and toe.

2

9. Due to her paralysis Ms. Coachman was to be placed in a geriatric chair when out of her bed.

10. In August 2004 the staff at Woodley Manor improperly placed the decedent in a standard wheelchair and took her to the dining room. While there Ms. Coachman fell out of the wheelchair hitting her head on the floor. She lay there for approximately 30 minutes before anyone came to assist her.

11. Ms. Coachman suffered from constipation and was to receive a laxative on a regular basis.

12. On September 18, 2004, Ms. Coachman became non-responsive and was rushed to Jackson Hospital for treatment. Dr. Vickie G. Parrish was the attending physician. Dr. Parrish through tests found that the decedent was suffering from severe fecal impaction. Dr. Parrish prescribed a laxative for Ms. Coachman that was to be given twice a day. Ms. Coachman was treated for the impaction and released and returned to Woodley Manor.

13. Two days later Ms. Coachman returned to the hospital. Ms. Coachman was again treated for constipation and remained in the hospital for three weeks.

14. Upon her release from Jackson Hospital it was recommended that she be transferred to another nursing home facility.

15. On September 24, 2004 Ms. Coachman became a resident of Southhaven

Nursing Home. She was there only two days when she was again sent to the hospital and placed in ICU. She remained there for approximately three days until her death on October 3, 2004.

## COUNT I- BREACH OF CONTRACT

16. Plaintiff realleges paragraphs 1-15 as if fully set out herein.

17. Plaintiff's decedent, Mary B. Coachman, entered into an express or implied contract with defendant Woodley Manor Nursing Home and/or A, B, C, defendant(s), whereby for consideration paid by her or on her behalf, Woodley Manor and/ or A, B, C, defendant(s) was to provide her a place of residence and to provide her food and personal care.

18. By the terms of said contract defendant Woodley Manor expressly or impliedly agreed or warranted to use reasonable care and diligence in providing the personal care of the decedent, and to exercise reasonable care in maintaining the personal safety and general health and welfare of the decedent.

19. Pursuant to said contract decedent was entrusted to Woodley Manor's and/or A, B, C, defendant(s) sole custody and control.

20. In July 2004, August 2004 and September 2004 defendant Woodley Manor and/or A, B, C defendant(s) recklessly, willfully and wrongfully breached the terms of said contract causing the decedent to suffer physical injury and mental

4

anguish and/or emotional distress and ultimately death.

## COUNT II- NEGLIGENCE, WANTON, RECKLESS

21. Plaintiff realleges paragraphs 1-20 as if fully set out herein.

22. Defendant Woodley Manor and/or A, B, C defendant(s) failed to use reasonable care in administering a laxative to decedent.

23. Defendant Woodley Manor and/or A, B, C defendant(s) failed to use reasonable care when using the Hoya lift in July 2004 while lifting the decedent from her bed.

24. Defendant Woodley Manor and/or A, B, C defendant(s) failed to use reasonable care when placing the decedent in a standard wheelchair in August 2004 instead of a geriatric chair when transporting her to the dining room.

25. Defendant Woodley Manor and/or A, B, C defendant(s) failed to properly administer a laxative to the decedent.

26. Defendant Woodley Manor and/or A, B, C defendant(s) failed to chart and report any physical changes in decedent's physical condition.

27. Defendant Woodley Manor and/or A, B, C defendant(s) failed to screen, or improperly screened, and/or were otherwise negligent, wanton or reckless in hiring nursing care personnel at Woodley Manor Nursing Home.

28. Defendant Woodley Manor and/or A, B, C defendant(s) failed to properly and

5

adequately train, supervise, and monitor the performance of, evaluate and/or discipline their nursing care personnel at Woodley Manor Nursing Home.

29. Defendant Woodley Manor and/or A, B, C defendant(s) assigned personnel to give care to the decedent who were not competent or who were unfit to provide and/or incapable of providing adequate nursing care at Woodley Manor Nursing Home.

30. Defendant Woodley Manor and/or A, B, C defendant(s) understaffed or otherwise failed to provide sufficient nursing personnel to provide all necessary nursing care to the decedent at Woodley Manor Nursing Home.

31. These acts and/or omissions reflect and proximately result from Defendant Woodley Manor and/or A, B, C defendant(s) systemic failure to adopt, promulgate, monitor and/or enforce policies and procedures at Woodley Manor Nursing Home to prevent or minimize the risk of such acts and omissions and the reasonably foreseeable harm and risk of harm and/or death proximately caused by thereby.

32. As a proximate result of such negligence, wanton, reckless, malicious and intentional conduct Defendant Woodley Manor and/or A, B, C defendant(s) caused decedent to suffer physical injury, great pain and mental anguish and/or emotional distress.

## COUNT III-WRONGFUL DEATH

33. Plaintiff realleges paragraphs 1-32 as if fully set out herein.

34. Defendant Woodley Manor and/or A, B, C defendant(s) acts and omissions ultimately caused the wrongful death of the decedent.

35. The lack of adequate and reasonable care and specifically the lack of regularly administering a prescribed laxative caused the decedent's physical condition to weaken to such an extent that it caused her premature death.

36. As a proximate result of such conduct Defendant Woodley Manor and/or A, B, C defendant(s) caused decedent to suffer physical injury, great pain and mental anguish and/or emotional distress. These acts and/or omissions also caused the decedent's family to suffer mental anguish and/or emotional distress.

## RELIEF REQUESTED

Wherefore, Plaintiff respectfully prays as follows:

37. Plaintiff demands judgment on all counts against each named Defendant and requests that a jury award an amount of money that is within the jurisdictional authority of this Court to fairly compensate for the death of Mary B. Coachman and to assess punitive damages against each Defendant; and that the Plaintiff be awarded all other general and equitable relief as the law and facts may warrant.

**PLAINTIFF DEMANDS TRIAL BY STRUCK JURY**

Respectfully submitted this the 2nd day of October 2006.


*Nanertha C. Wright*
Nanertha C. Wright
Personal representative of the Estate of Mary B. Coachman
1547 Oakland St.
Montgomery, AL 36108
334-264-5203

PLAINTIFF DEMANDS TRIAL BY STRUCK JURY