## IN THE UNITED STATES DISTRICT COURT
### FOR THE MIDDLE DISTRICT OF ALABAMA RECEIVED
### NORTHERN DIVISION

2006 NOV 20 P 2: 36

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

NANERTHA WRIGHT, as personal ⟩
representative of the Estate of MARY B. ⟩
COACHMAN, deceased, ⟩
⟩
     Plaintiff, ⟩
⟩
v. ⟩     Civil Action No.: 2:06-CV-1041-WKW
⟩
WOODLEY MANOR NURSING ⟩
HOME, et al., ⟩
⟩
     Defendants. ⟩

## DEFENDANT WOODLEY MANOR HEALTH & REHABILITATION CENTER'S MOTION TO DISMISS

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, Defendant Living Centers-East. Inc., d/b/a Woodley Manor Health & Rehabilitation Center. ("Woodley Manor") (incorrectly designated by Plaintiff as Woodley Manor Nursing Home) moves the Court to dismiss this action because the complaint fails to state a claim against Woodley Manor upon which relief can be granted.

The Plaintiff alleges that Woodley Manor's negligent care of Mary B. Coachman proximately caused her death. As such, this is a wrongful death action governed by the Alabama Wrongful Death Act, Ala. Code § 6-5-410. Because Plaintiff was not appointed as the personal representative of the estate of Mary B. Coachman within two years of her death, Plaintiff lacks standing to pursue this action. Therefore, the Plaintiffs' complaint against Woodley Manor is due to be dismissed.

This motion is based upon and supported by the following:

1.     The Summons and Complaint attached hereto as Exhibit A;

2.     The certified copy of Mary B. Coachman's death certificate attached hereto as Exhibit B;

{W0581538.1}          1

3.      The Affidavit of Will O'Rear, Legal Counsel for the Probate Court for Montgomery

County, Alabama, attached hereto as Exhibit C; and

4.      The following Statement of Facts and Argument.

## FACTS

Mary B. Coachman was admitted to Woodley Manor in July 2001.  (Exhibit A, p. 2).

She died on October 3, 2004, at Jackson Hospital in Montgomery County, Alabama.  (Exhibit A,

p. 4; Exhibit B).  Although Plaintiff filed her complaint on October 2, 2006, just within the two

year statue of limitations to commence a wrongful death action, Plaintiff was not duly appointed

as the personal representative of Mary B. Coachman's estate within the two years after her death.

(Exhibit A, Summons, Exhibit C).  In fact, as of November 16, 2006, more than two years

following the death of Mary B. Coachman, no one, including Plaintiff had petitioned the

Montgomery County Probate Court to be named as administrator or executor of Mary B.

Coachman's estate. (Exhibit C).

## ARGUMENT

### Plaintiff Lacks Standing to Bring this Action.

Alabama's wrongful death statute provides that a "personal representative" may

commence a wrongful death action. Ala. Code § 6-5-410 (a).  For purposes of the wrongful death

statute, the Alabama Supreme Court has consistently held that the term "personal representative"

means "the executor or administrator of the injured testator or intestate." *Downtown Nursing*

*Home v. Pool*, 375 So. 2d 465, 466 (Ala. 1979), *cert. denied Pool v. Downtown Nursing Home*,

445 U.S. 930 (1980); *accord Brown v. Mounger*, 541 So. 2d 463, 464 (Ala. 1989)(same holding).

The Court has likewise held that "one who sues under this section [§ 6-5-410] without having

been appointed executor or administrator does not qualify under this section as a personal

representative and the suit is a nullity." *Waters v. Hipp*, 600 So. 2d 981, 982 (Ala. 1992).

Here, the Plaintiff filed her wrongful death action on October 2, 2006. (Exhibit B).  The

two year statute of limitations for a personal representative to file a suit on behalf of the estate of

Mary B. Coachman expired on October 3, 2006. (Exhibit B, Ala. Code § 6-5-410). As of

October 3, 2004, Plaintiff had not been named (or had even petitioned to be named) Mary B.

Coachman's personal representative. (Exhibit C). Consequently, this action is a nullity. The

Plaintiff does not have standing to bring this action.


WHEREFORE, Defendant respectfully requests this Honorable Court to dismiss this

action with prejudice.


_Gina Pearson-Hines_
_____
David W. Proctor
Gina Pearson-Hines
Angela C. Cameron
Attorneys for Defendant Living
Centers-East, Inc., d/b/a Woodley
Manor Health & Rehabilitation
Center


JOHNSTON BARTON PROCTOR & POWELL LLP
2900 AmSouth/Harbert Plaza
1901 6th Avenue North
Birmingham, Alabama 35203
Telephone: (205) 458-9400
Facsimile: (205) 458-9500

OF COUNSEL

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that I have filed the above and foregoing with the Clerk of the Court, and have served Plaintiff by U.S. Mail at the following:

> Ms. Nanertha C. Wright
> 1547 Oakland Street
> Montgomery, AL 36108

On this, the **20th** day of November, 2006.

_____
Of Counsel

# Exhibit
# A

**CT** CORPORATION
A WoltersKluwer Company

**Service of Process Transmittal**
10/24/2006
Log Number 511585750

**TO:**   Kristy Prince, Litigation Manager
Mariner Health Care, Inc
5300 W. Sam Houston Parkway North, Suite 200
Houston, TX, 77041



**RE:**   **Process Served in Alabama**

**FOR:**   Living Centers - East, Inc. (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Nanertha Wright, as personal representative for the Estate of Mary B. Coachman, deceased, Pltf. vs. Woodley Manor Nursing Home, et al., Dfts |
| **DOCUMENT(S) SERVED:** | Summons, Complaint, Return on Service |
| **COURT/AGENCY:** | Montgomery County Circuit Court, AL<br>Case # CV 06 2572 |
| **NATURE OF ACTION:** | Medical Injury - Improper Care and Treatment - failure to provide reasonable care |
| **ON WHOM PROCESS WAS SERVED:** | The Corporation Company, Montgomery, AL |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 10/24/2006 at 10:00 |
| **APPEARANCE OR ANSWER DUE:** | 30 days |
| **ATTORNEY(S) / SENDER(S):** | Nanertha C. Wright<br>1547 Oakland St.<br>Montgomery, AL, 36108<br>334-264-5203 |
| **REMARKS:** | According to the AL Secretary of State, Woodley Manor Nursing Home merged into Living Centers - East, Inc. on 9/30/1994. |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via  Fed Ex 2 Day, 798527017508<br>Email Notification, Kristy Prince KPrince@MarinerHealthCare.com |
| **SIGNED:**<br>**ADDRESS:** | The Corporation Company<br>2000 Interstate Park Drive<br>Suite 204<br>Montgomery, AL, 36109 |
| **TELEPHONE:** | 334-387-7680 |

Page 1 of  1 / LP

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of the package only, not of its contents.

| | |
|---|---|
| **SUMMONS**<br>**CIVIL** | **Case Number**<br>CV 2006- **2572** |

### IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA
#### Civil Division

Nanertha C. Wright, as personal representative of Estate of Mary B. Coachman v. Woodley Manor Nursing Home

**NOTICE TO :** The Corporation Company, 2000 Interstate Park Drive, Montgomery, AL 26109

THIS COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS.  YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT WITH THE CLERK OF THIS COURT.  A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOU ATTORNEY TO THE PLAINTIFF OR

PLAINTIFF'S ATTORNEY  None– pro se ,Nanertha C. Wright 1547 Oakland St.  Montgomery, AL 36108 334-264-5203

THIS ANSWER MUST BE MAILED OR DELIVERED WITHIN _30_ DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.

**TO ANY SHERIFF OR ANY PERSON AUTHORIZED** by the Alabama Rules of Civil Procedure:

[X] You are hereby commanded to serve this summons and a copy of the complaint in this action  upon defendant.

[ ] Service by certified mail of this summons is initiated upon the written request of _____
_____ pursuant to the Alabama Rules of Civil Procedure.

Date ___10/18/06___    _Melissa Pittenaw_    By: _X_
Clerk/Register

[ ] Certified Mail is hereby requested.

_____
Plaintiff's/Attorney's Signature

**RETURN ON SERVICE:**

[ ] Return receipt of certified mail received in this office on _____
(Date)

[ ] I certify that I personally delivered a copy of the summons and complaint to _____

_____ in _____County,

Alabama on _____
(Date)

_____    _____
Date                                Server's Signature

_____    _____
Address of Server                   Type of Process Server

# IN THE CIRCUIT COURT FOR MONTGOMERY COUNTY, ALABAMA

NANERTHA WRIGHT,
as personal representative for the
Estate of Mary B. Coachman,
deceased,

      Plaintiff,

CV 2006- **2572**

v.

WOODLEY MANOR NURSING HOME,
and A, B, C those persons,
organizations or businesses
whose names are unknown at this time,
      Defendants.

FILED
MONTGOMERY COUNTY
CIRCUIT COURT OF
2006 OCT -2 PM 2:57

## COMPLAINT

Comes now Nanertha Wright as the personal representative of the Estate of Mary B. Coachman, deceased and files this complaint against the above named defendant(s) and states as follows:

## JURISDICTION AND VENUE

1. This court has jurisdiction over this complaint as the Plaintiff resides in Montgomery County, Alabama; the named and yet to be named Defendant(s) do/ does business in Montgomery County, Alabama and the act or omission that forms the basis for this complaint occurred in Montgomery County, Alabama.

2. The amount sought by the Plaintiff is within the jurisdictional limits of the Circuit court.

## PARTIES

3. The Plaintiff, Nanertha Wright, is over the age of 19 and is the daughter of the deceased. She is the personal representative of the deceased's estate and is the proper party to bring this action.

4. Defendant, Woodley Manor Nursing Home (hereinafter " Woodley Manor"), is a nursing home facility doing business in Montgomery County, Alabama.

5. Fictitious Defendants A, B, C are those persons, physicians, health care providers, professional corporations, hospitals, health care facilities, organizations or businesses who might otherwise be liable to Plaintiff and whose identifies are unknown to Plaintiff at the filing of this action, but who will be added by amendment when ascertained.

## FACTS

6. Mary Coachman, decedent was a resident of Woodley Manor Nursing Home, Montgomery, Alabama from approximately July 2001 until September 2004.

7. Ms. Coachman had suffered from a stoke which caused paralysis on the right side of her body. She was to receive occupational therapy. She never did.

8. In July 2004 the staff was attempting to move Ms. Coachman from her bed and was using a Hoya lift. The staff dropped Ms. Coachman injuring her causing a skinned knee and toe.

2

9.  Due to her paralysis Ms. Coachman was to be placed in a geriatric chair when out of her bed.

10.  In August 2004 the staff at Woodley Manor improperly placed the decedent in a standard wheelchair and took her to the dining room.  While there Ms. Coachman fell out of the wheelchair hitting her head on the floor.  She lay there for approximately 30 minutes before anyone came to assist her.

11.  Ms. Coachman suffered from constipation and was to receive a laxative on a regular basis.

12.  On September 18, 2004, Ms. Coachman became non-responsive and was rushed to Jackson Hospital for treatment.  Dr. Vickie G. Parrish was the attending physician. Dr. Parrish through tests found that the decedent was suffering from severe fecal impaction.   Dr. Parrish prescribed a laxative for Ms. Coachman that was to be given twice a day.  Ms. Coachman was treated for the impaction and released and returned to Woodley Manor.

13.  Two days later Ms. Coachman returned to the hospital.  Ms. Coachman was again treated for constipation and remained in the hospital for three weeks.

14.  Upon her release from Jackson Hospital it was recommended that she be transferred to another nursing home facility.

15.  On September 24, 2004 Ms. Coachman became a resident of Southhaven

3

Nursing Home. She was there only two days when she was again sent to the hospital and placed in ICU. She remained there for approximately three days until her death on October 3, 2004.

## COUNT I- BREACH OF CONTRACT

16. Plaintiff realleges paragraphs 1-15 as if fully set out herein.

17. Plaintiff's decedent, Mary B. Coachman ,entered into an express or implied contract with defendant Woodley Manor Nursing Home and/or A, B, C, defendant(s), whereby for consideration paid by her or on her behalf, Woodley Manor and/ or A, B, C, defendant(s) was to provide her a place of residence and to provide her food and personal care.

18. By the terms of said contract defendant Woodley Manor expressly or impliedly agreed or warranted to use reasonable care and diligence in providing the personal care of the decedent, and to exercise reasonable care in maintaining the personal safety and general health and welfare of the decedent.

19. Pursuant to said contract decedent was entrusted to Woodley Manor's and/or A, B, C, defendant(s) sole custody and control.

20. In July 2004, August 2004 and September 2004 defendant Woodley Manor and/or A, B, C defendant(s) recklessly, willfully and wrongfully breached the terms of said contract causing the decedent to suffer physical injury and mental

4

anguish and/or emotional distress and ultimately death.

## COUNT II- NEGLIGENCE, WANTON, RECKLESS

21. Plaintiff realleges paragraphs 1-20 as if fully set out herein.

22. Defendant Woodley Manor and/or A, B, C defendant(s) failed to use reasonable care in administering a laxative to decedent.

23. Defendant Woodley Manor and/or A, B, C defendant(s) failed to use reasonable care when using the Hoya lift in July 2004 while lifting the decedent from her bed.

24. Defendant Woodley Manor and/or A, B, C defendant(s) failed to use reasonable care when placing the decedent in a standard wheelchair in August 2004 instead of a geriatric chair when transporting her to the dining room.

25. Defendant Woodley Manor and/or A, B, C defendant(s)failed to properly administer a laxative to the decedent .

26. Defendant Woodley Manor and/or A, B, C defendant(s)failed to chart and report any physical changes in decedent's physical condition.

27. Defendant Woodley Manor and/or A, B, C defendant(s)failed to screen, or improperly screened , and/or were otherwise negligent, wanton or reckless in hiring nursing care personnel at Woodley Manor Nursing Home.

28. Defendant Woodley Manor and/or A, B, C defendant(s) failed to properly and

5

adequately train, supervise, and monitor the performance of, evaluate and/or discipline their nursing care personnel at Woodley Manor Nursing Home.

29. Defendant Woodley Manor and/or A, B, C defendant(s) assigned personnel to give care to the decedent who were not competent or who were unfit to provide and/or incapable of providing adequate nursing care at Woodley Manor Nursing Home.

30. Defendant Woodley Manor and/or A, B, C defendant(s) understaffed or otherwise failed to provide sufficient nursing personnel to provide all necessary nursing care to the decedent at Woodley Manor Nursing Home.

31. These acts and/or omissions reflect and proximately result from Defendant Woodley Manor and/or A, B, C defendant(s) systemic failure to adopt, promulgate, monitor and/or enforce policies and procedures at Woodley Manor Nursing Home to prevent or minimize the risk of such acts and omissions and the reasonably foreseeable harm and risk of harm and/or death proximately caused by thereby.

32. As a proximate result of such negligence, wanton, reckless, malicious and intentional conduct Defendant Woodley Manor and/or A, B, C defendant(s) caused decedent to suffer physical injury, great pain and mental anguish and/or emotional distress.

## COUNT III-WRONGFUL DEATH

33. Plaintiff realleges paragraphs 1-32 as if fully set out herein.

34. Defendant Woodley Manor and/or A, B, C defendant(s) acts and omissions ultimately caused the wrongful death of the decedent .

35. The lack of adequate and reasonable care and specifically the lack of regularly administering a prescribed laxative caused the decedent's physical condition to weaken to such an extent that it caused her premature death.

36. As a proximate result of such conduct Defendant Woodley Manor and/or A, B, C defendant(s) caused decedent to suffer physical injury, great pain and mental anguish and/or emotional distress. These acts and/or omissions also caused the decedent's family to suffer mental anguish and/or emotional distress.

## RELIEF REQUESTED

Wherefore, Plaintiff respectfully prays as follows:

37. Plaintiff demands judgment on all counts against each named Defendant and requests that a jury award an amount of money that is within the jurisdictional authority of this Court to fairly compensate for the death of Mary B. Coachman and to assess punitive damages against each Defendant; and that the Plaintiff be awarded all other general and equitable relief as the law and facts may warrant.

7

**PLAINTIFF DEMANDS TRIAL BY STRUCK JURY**


Respectfully submitted this the _2nd_ day of October 2006.



Wanertha C. Wright
Nanertha C. Wright
Personal representative of the Estate of Mary B. Coachman
1547 Oakland St.
Montgomery, AL 36108
334-264-5203

8

# Exhibit B

THE FRONT OF THIS DOCUMENT IS PINK - THE BACK OF THIS DOCUMENT IS BLUE AND HAS AN ARTIFICIAL WATERMARK - HOLD AT AN ANGLE TO VIEW

# ALABAMA
## Center for Health Statistics

### A L A B A M A
### CERTIFICATE OF DEATH

04-36566

State File Number 101

TYPE IN PERMANENT BLACK INK, DO NOT USE GREEN, RED, OR BLUE INK.

County File Number

3. 05/011
6. 100
19. 01
20. 05/011
26. 
27. 
34. 51400

| 1. DECEASED-NAME First | Middle | Last (Type last name all capitals) | 2. DATE OF DEATH (Month, Day, Year) | 3. COUNTY OF DEATH |
|---|---|---|---|---|
| Mary | B. | Coachman | Oct. 3, 2004 | Montgomery |

| 4. CITY, TOWN, OR LOCATION OF DEATH AND ZIP CODE | 5. INSIDE CITY LIMITS (Specify Yes or No) | 6. PLACE OF DEATH—HOSPITAL OR OTHER INSTITUTION—(if not in either, give street and number) |
|---|---|---|
| Montgomery 36106 | Yes | Jackson Hospital |

| 7. IF HOSPITAL (Specify Inpatient, ER or Outpatient, DOA) | 8. OF HISPANIC ORIGIN (Specify Yes or No) if Yes, Specify Cuban, Mexican, Puerto Rican, etc. | 9. RACE—(Specify American Indian, Black, White, etc.) | 10. SEX |
|---|---|---|---|
| Inpatient | No | Black | Female |

| 11. AGE | 12. UNDER 1 YEAR | | UNDER 1 DAY | | 13. DATE OF BIRTH (Month, Day, Year) | 14. DECEASED'S SOCIAL SECURITY NUMBER |
|---|---|---|---|---|---|---|
| 83 YRS | MOS. | DAYS | HOURS | MINS. | April 17, 1921 | 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 |

| 15. EDUCATION (Specify ONLY highest grade completed below) Elementary or High School (0-12) | College (1-4 or 5+) | 16. MARITAL STATUS (Specify Married, Never Married, Widowed, Divorced) | 17. SURVIVING SPOUSE (if wife, give maiden name) | 18. Was Decedent ever in Armed Forces (Specify Yes or No) |
|---|---|---|---|---|
| 3 | | Widowed | | No |

| 19. STATE OF BIRTH (if not in USA, name country) | 20. RESIDENCE—STATE | 21. COUNTY | 22. CITY, TOWN, OR LOCATION AND ZIP CODE |
|---|---|---|---|
| Alabama | Alabama | Montgomery | Montgomery 36108 |

| 23. INSIDE CITY LIMITS (Specify Yes or No) | 24. STREET AND NUMBER | 25. INFORMANT—Name and Address |
|---|---|---|
| Yes | 1300 E. South Blvd. | Nanertha Wright 3862 Happiness Ave. 36108 |

| 26. USUAL OCCUPATION (Give kind of work done during most of working life even if retired) | 27. KIND OF BUSINESS OR INDUSTRY |
|---|---|
| Cook | Furrs Cafe |

| 28. FATHER—NAME First | Middle | Last | 29. MAIDEN NAME OF MOTHER—First | Middle | Last |
|---|---|---|---|---|---|
| Pumpie | Alexander | | Sally | Williams | |

| 30. DISPOSITION OF BODY (Specify Burial, Cremation, Medical Donation, Hospital Disposal, Other) | 31. DATE OF DISPOSITION (Month, Day, Year) | 32. CEMETERY OR CREMATORY—Name | 33. LOCATION—(City or Town—State) |
|---|---|---|---|
| Burial | Oct.9,2004 | Mt. Sinai Churchyard | Letohatchee, Al. |

| 34. FUNERAL HOME—Name and Address | 35. FUNERAL DIRECTOR—Signature | 36. DATE SIGNED BY FUNERAL DIRECTOR |
|---|---|---|
| E.G. Cummings Mem. 1120 Bragg St. Funeral Home | Martin E. Chasen | Nov.9,2004 |

37. ☑ Certifying Physician (Physician certifying cause of death) "To the best of my knowledge death occurred at the time and date, due to the cause(s) and manner stated."
☐ Medical Examiner ☐ Coroner "On the basis of examination and/or investigation, in my opinion, death occurred at the time, date, place, and due to the cause(s) and manner stated."

Signature: _(signature)_

| 38. DATE SIGNED (Month, Day, Year) |
|---|
| 11-2-04 |

| 39. TIME AND DATE OF DEATH (Item 2) | 40. DATE AND TIME PRONOUNCED DEAD (For Coroner / M.E. use only) | 41. NAME AND TITLE OF PERSON WHO COMPLETED CAUSE OF DEATH (Item 46) |
|---|---|---|
| 11:55 AM 10-3-04 | | Mukesh B. Patel, M.D. |

| 42. ADDRESS OF PERSON WHO COMPLETED CAUSE OF DEATH (Item 46) | 43. CERTIFIER LICENSE NUMBER |
|---|---|
| 300 Taylor Road #400, Montgomery, Alabama 36117 | 21207 |

| 44. REGISTRAR—Signature | For State or County use only | 45. DATE FILED (Month, Day, Year) |
|---|---|---|
| Charlotte M Rogers | | Nov. 9, 2004 |

## MEDICAL CERTIFICATION

46. PART I. Enter the diseases, injuries, or complications that caused the death. Do not enter the mode of dying, such as cardiac or respiratory arrest, shock, or heart failure. LIST ONLY ONE CAUSE ON EACH LINE.

| | | APPROXIMATE INTERVAL BETWEEN ONSET AND DEATH |
|---|---|---|
| IMMEDIATE CAUSE (Final disease or condition resulting in death) | a. Respiratory failure | |
| | DUE TO (OR AS A CONSEQUENCE OF): | |
| | b. Non a wave mi | |
| Sequentially list conditions, if any, leading to immediate cause. Enter UNDERLYING CAUSE (Disease or injury that initiated events resulting in death) LAST | DUE TO (OR AS A CONSEQUENCE OF): | |
| | c. Pneumonia | |
| | DUE TO (OR AS A CONSEQUENCE OF): | |
| | d. UTI | |

47. PART II. Other significant conditions contributing to death but not resulting in the underlying cause given in Part I.

| 48. WAS THERE A PREGNANCY IN LAST 42 DAYS? (Specify Yes, No, or Unk.) |
|---|

| 49. MANNER OF DEATH (Specify—Accident, Homicide, Suicide, Undetermined Circumstances, Pending Investigation, Natural Cause) | 50. AUTOPSY (Specify Yes or No) | 51. If yes, were findings considered in determining cause of death? (Specify Yes, or No) |
|---|---|---|

| 52. HOW INJURY OCCURRED (Enter nature of injury in Item 46, Part 1 or Item 47, Part II) | 53. DATE OF INJURY (Month, Day, Year) | 54. HOUR OF INJURY |
|---|---|---|
| | | M |

| 55. INJURY AT WORK (Specify Yes or No) | 56. PLACE OF INJURY—(Specify at home, farm, street, factory, office building, etc.) | 57. LOCATION OF INJURY (Street or R.F.D. No., City or Town, State) |
|---|---|---|

This is a legal record and must be filed within five (5) days after death.

ADPH-HS 2/Rev 11-83

NOV 12 2004

_(vertical text on left margin:)_ NAME OF DECEASED Coachman, Mary B. SSN: 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

I, Dorothy S. Harshbarger, State Registrar of Health Statistics, certify this is a true and exact copy of the original certificate filed in the Center for Health Statistics, State of Alabama, Department of Public Health, Montgomery, Alabama, and have caused the official seal of the Center for Health Statistics to be affixed. 2006-458-882-7

November 1, 2006

Dorothy S. Harshbarger, State Registrar

# Exhibit C

## IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

NANERTHA WRIGHT, as personal )
representative of the Estate of MARY B. )
COACHMAN, deceased, )
                               )
        **Plaintiff,**       )
                               )
**v.**                           )     **Civil Action No.: 06-2572**
                               )
WOODLEY MANOR NURSING )
HOME, et al., )
                               )
        **Defendants.**   )

### AFFIDAVIT OF WILL O'REAR

STATE OF ALABAMA         )

MONTGOMERY COUNTY     )

      Before me, the undersigned authority, in and for the said County and State,

personally appeared Will O'Rear who, after being duly sworn by me, deposes and states

as follows:

1.     My name is Will O'Rear. I am the Legal Counsel for the Probate Court for

Montgomery County, Alabama. I am competent to provide this affidavit. The

information in this affidavit is based on my personal knowledge.

2.     I have reviewed the index records of the judicial cases in this office and find that

no estate has been established for the decedent Mary B. Coachman in the Montgomery

County, Alabama, Probate Court. I have also verified that no one, including Nanertha

Wright, has petitioned the court to be named as an Administrator or Executor of the Mary

B. Coachman estate as of November 16, 2006 at 3:00 p.m.

FURTHER AFFIANT SAITH NOT.

W0581534.WPD

_____
Will O'Rear

Sworn to and subscribed before me on this the 16th day of November, 2006.

_____
NOTARY PUBLIC

My Commission Expires: _____

MY COMMISSION EXPIRES JULY 25, 2009