IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| NANERTHA WRIGHT, as Personal Representative of the Estate of MARY B. COACHMAN, deceased, | ) ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) ) ) ) ) ) ) | CASE NO. 2:06-CV-1041-WKW |
| WOODLEY MANOR NURSING HOME, | |
| Defendant. | |

*(Note: case number appears to right of v.)*

**REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b)(1)(B) this case was referred to the undersigned United States Magistrate Judge for review and submission of a report with recommended findings of fact and conclusions of law (Doc. 3, filed November 28, 2006).[1] Pending is *Defendant Woodley Manor Health & Rehabilitation Center's Motion to Dismiss* (Doc. 2, filed November 20, 2006). For good cause and taking into consideration the backdrop of controlling Alabama law, it is the Recommendation of the Magistrate Judge to grant the motion and to dismiss the action.

---

[1] On January 8, 2007, the case was reassigned to the undersigned from the original assignment to Magistrate Judge Wallace Capel.

## I. PARTIES

Plaintiff, Nanertha Wright, as personal representative of the Estate of Mary B. Coachman, deceased ("Wright" or "Plaintiff"), is a resident of Montgomery in Montgomery County, Alabama, within the Middle District of Alabama.

Defendant Living Centers-East, Inc., d/b/a Woodley Manor Health and Rehabilitation Center[2] ("Woodley Manor" or "Defendant") is incorporated in Delaware with its principal place of business in the State of Georgia.

## II. NATURE OF CASE/BACKGROUND

The underlying facts of this lawsuit are necessarily viewed in the light most favorable to Plaintiff.[3] Plaintiff initiated this action *pro se* in Circuit Court of Montgomery County on October 2, 2006. The complaint alleges Mary Coachman ("Decedent"), was a resident of Defendant's Nursing Home from approximately July 2001 to September 2004. Decedent had suffered a stroke which caused paralysis on the right side. She was placed in the Defendant's facility to receive care and occupational therapy. Plaintiff alleges Decedent never received any occupational therapy. Plaintiff also alleges the staff committed several acts of negligence including dropping Decedent, putting her in a standard wheelchair instead of a

---

[2] Defendant's Notice of Removal (Doc. 1, filed November 20, 2006) notes the Defendant is improperly designated as Woodley Manor Nursing Home and further states the proper name of Defendant as Living Centers-East, Inc., d/b/a Woodley Manor Health and Rehabilitation Center.

[3] The facts are summarized from Plaintiff's Complaint. *See* Doc. 1, Ex. 1 Complaint.

geriatric chair, and a failure to give Decedent her prescribed laxative. *See* Doc. 1, Ex. 1 Complaint. Plaintiff specifically alleges (1) breach of contract, (2) negligence, wanton, reckless, and (3) wrongful death. Defendant removed the action to federal court on November 20, 2006. *See* Doc. 1. Defendant concurrently filed a Motion to Dismiss on November 20, 2006. *See* Doc. 2.

Upon the District Judge's November 28, 2006 referral of this action for pretrial proceedings, the Magistrate Judge issued a Show Cause Order instructing Plaintiff to show cause why Defendant's Motion to Dismiss should not be granted on or before February 5, 2007.[4] *See* Docs. 4-5. No response was filed by the February 5, 2007 deadline. Therefore, the Court reviewed the Motion to Dismiss on the merits.

### III. DEFENDANTS' MOTIONS TO DISMISS

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, Defendant moves to dismiss for failure to state a claim for which relief could be granted. Specifically, Defendant alleges Plaintiff lacks standing to pursue the claims as she was not officially designated the administrator or executor of the decedent's estate prior to the running of the two year statute of limitations. Defendant further asserts Plaintiff was not duly appointed as the personal representative of the estate and as such, cannot bring suit under the wrongful

---

[4] The Court initially entered a Show Cause Order with a deadline of January 18, 2007 (Doc. 4); however, in deference to Plaintiff's *pro se* status, the court entered an Amended Show Cause Order with detailed instructions as to the ramifications of not responding as well as an extended deadline. (Doc. 5).

death statute.

Defendant includes as evidence a copy of the Alabama Certificate of Death (Doc. 2, Ex. B) and an Affidavit from Will O'Rear, Legal Counsel for the Probate Court of Montgomery County, Alabama (Doc. 2, Ex. C). The Certificate of Death shows Mary B. Coachman died on October 3, 2004 at 11:55 a.m. at Jackson Hospital. *See* Doc. 2, Ex. B. The affidavit of Will O'Rear indicates that after a review of the records, no estate had been established for decedent Mary B. Coachman in Montgomery County Probate Court, nor had Plaintiff petitioned the court to be named as an Administrator or Executor of the estate as of November 16, 2006. *See* Doc. 2, Ex. C.

## IV.  STANDARD OF REVIEW

### A.  Failure to State a Claim

A Rule 12(b)(6) motion to dismiss tests the legal sufficiency of the complaint. *Gilmore*, 125 F. Supp.2d at 471. "A court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S.Ct. 2229, 2232, 81 L. Ed.2d 59 (1984) (citing *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S.Ct. 99, 102, 3 L.Ed.2d 80 (1957)); *see also Ellis v. General Motors Acceptance Corp.*, 160 F.3d 703, 706 (11th Cir. 1998) (quoting *Hishon*). Further, in deciding a 12(b)(6) motion to dismiss, the court will accept the petitioner's allegations as true. *Hishon*, 467 U.S. at 73, 104 S.Ct. at 2229; *Ellis*, 160 F.3d at 706; *Roberts v. Florida Power & Light Co.*, 146 F.3d 1305, 1307 (11th Cir.

1998) (citing *Lopez v. First Union National Bank of Florida*, 129 F.3d 1186, 1189 (11th Cir. 1997)). However, "[c]onclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal." *Jackson v. BellSouth Telecommunications*, 372 F.3d 1250, 1262 (11th Cir. 2004) (quoting *Oxford Asset Mgmt., Ltd. v. Jaharis*, 297 F.3d 1182, 1188 (11th Cir. 2002)); *see also Associated Builders, Inc. v. Alabama Power Co.*, 505 F.2d 97, 100 (5th Cir. 1974) (conclusory allegations and unwarranted deductions of fact are not admitted as true).[5]

"[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley*, 355 U.S. at 45-46, 78 S.Ct. at 102; *see also Gilmore*, 125 F. Supp.2d at 471 (citing *Wright v. Newsome*, 795 F.2d 964, 967 (11th Cir. 1986) ("[W]e may not...[dismiss] unless it appears beyond doubt that the plaintiff can prove no set of facts in support of the claims in the complaint that would entitle him or her to relief.")). In other words, it is a low threshold on the non-moving party to survive a motion to dismiss for failure to state a claim in order to reflect the liberal pleading requirements set forth in the Federal Rules of Civil Procedure. *Ancata v. Prison Health Servs., Inc.*, 769 F.2d 700, 703 (11th Cir. 1985); *see Gilmore*, 125 F.Supp.2d at 471 (citing *Ancata*).

---

[5] *Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*) (adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981).

**B.      Alabama Controlling Law - Wrongful Death Statute**

Alabama's wrongful death statute states "[a] personal representative may commence an action and recover damages...for the wrongful act, omission, or negligence of any person, persons, or corporation, his or their servants or agents, whereby the death of his testator or intestate was caused, provided the testator or intestate could have commenced an action for such wrongful act, omission, or negligence if it had not caused death." Ala. Code § 6-5-410(a). Such an action must be commenced within two years from and after the death of the testator or intestate. Ala. Code § 6-5-410(d). Further, a "personal representative" for the purposes of this statute can only mean the executor or administrator of the injured testator or intestate. *Hatas v. Partin*, 278 Ala. 65, 67, 175 So.2d 759, 761 (1965); *see also Waters v. Hipp*, 600 So.2d 981, 982 (Ala. 1992) (citing *Hatas*); *James v. Three Notch Medical Center*, 966 F. Supp. 1112 (M.D. Ala. 1997) ("the right to bring a wrongful death action is vested only in the person who has been appointed to represent the decedent's *estate*") (emphasis in original). A party who sues under the Alabama wrongful death statute without having been appointed executor or administrator does not qualify as a personal representative and therefore has no status to sue. *Hatas*, 278 Ala. at 66, 175 So.2d at 760; *Downtown Nursing Home v. Pool*, 375 So.2d 465, 466 (Ala. 1979) *cert. denied* 445 U.S. 930, 100 S.Ct. 1318, 63 L.Ed.2d 763 (1980) ; *see also Ellis v. Hilburn*, 688 So.2d 236, 238 (Ala. 1997) (citing *Pool*).

**C.      Alabama Controlling Law - Nature of Grievance**

Under the Alabama survival statute, an unfiled claim sounding in tort will not survive

the death of the person with the claim.  Ala. Code § 6-5-462; *Brooks v. Hill*, 717 So.2d 759, 763 (Ala. 1998) (citations omitted).  On the other hand, a claim on a contract survives in favor of the decedent's personal representative, regardless of whether the action had been filed prior to decedent's death.  *Brooks*, 717 So.2d at 763 (citations omitted).  Therefore, a claim survives for the personal representative generally if the claim arises out of a contract (*ex contractu*), rather than out of a tort (*ex delicto*).  *Id*.

The Alabama Supreme Court differentiated the two claims in *Jefferson County v. Reach*.  368 So.2d 250, 252 (Ala. 1978); *see also Brooks*, 717 So.2d at 763 (citing *Reach*).

> "The distinction between a claim *ex contractu* and one *ex delicto* is found in the nature of the grievance.  Where the wrong results from a breach of a promise, the claim is *ex contractu*.  However, if the wrong springs from a breach of duty either growing out of the relationship of the parties, or imposed by law, the claim is *ex delicto*."

*Reach*, 368 So.2d at 252 (citations omitted); *see also Sewell v. Grand Lodge of Int'l Ass'n of Mach. & Aero. Workers*, 445 F.2d 545 (5th Cir. 1971)[6] (analyzing Alabama definitions of *ex contractu* and *ex delicto* and cited by *Reach*).

Additionally, "when the parties have entered into a contract, if the cause of action arises from a breach of a duty arising out of the contract, rather than from a breach of a promise of the contract itself, the claim is *ex delicto*."  *Brooks*, 717 So.2d at 763 (citing *e.g. Lemmond v. Sewell*, 473 So.2d 1047, 1049 (Ala. 1985) (holding that the plaintiff could not maintain a contract claim based upon a physician's failure to use due care because the law

---

[6] *Bonner*, 661 F.2d 1206, supra note 5.

implied a duty to exercise due care, not a promise to do so.)).

## V.   DISCUSSION AND ANALYSIS

Plaintiff filed her wrongful death action on October 2, 2006. *See* Doc. 1, Ex. 1 Complaint. According to the affidavit of Will O'Rear, legal counsel for the Probate Court for Montgomery County, Alabama, Plaintiff was not named as the Administrator or Executor of Decedent's estate at that time. *See* Doc. 2, Ex. C. No person had petitioned the court to be named administrator or executor as of November 16, 2006, the date on the affidavit. *Id*. Under Alabama Code § 6-5-410, Plaintiff does not have standing to bring suit for a "wrongful death" claim since she is not a "personal representative" as defined under Alabama law. Despite Plaintiff styling her case "as personal representative for the Estate of Mary B. Coachman, deceased," Defendant has provided uncontradicted evidence that she was not the appointed administrator or executor. Plaintiff must actually be the duly appointed administrator or executor to claim "personal representative" status, therefore, Plaintiff's claims for wrongful death must be dismissed. Further, the statute of limitations expired on October 3, 2006, two years from Decedent's death. Since there was no administrator as of November 16, 2006, no amendments to Plaintiff's complaint will cure the jurisdictional defect. *See Pool*, 375 So.2d at 466 (an amendment cannot substitute as party plaintiff a person who was the duly appointed administrator of the estate after the two year period had expired).

Further, Plaintiff's claims for "breach of contract" and "negligence, wanton, reckless"

arise from a breach of a duty arising out of the contract. While a claim on a contract does survive, Plaintiff explicitly states "[b]y the terms of said contract defendant Woodley Manor expressly or impliedly agreed or warranted to use reasonable care and diligence in providing the personal care of decedent, and to exercise reasonable care in maintaining the personal safety and general health and welfare of the decedent." *See* Doc. 1, Ex. 1 Complaint, page 4. By its own terms, the Complaint tacitly establishes the causes of action arise from a *breach of a duty*. Breach of duty claims are *ex delicto* and do not survive the death of Mary B. Coachman. Consequently, Plaintiff's claims should be dismissed under 12(b)(6) of the Federal Rules of Civil Procedure.

## VI.   CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

(1)   Defendant *Woodley Manor Health & Rehabilitation Center's Motion to Dismiss* (Doc.2, filed November 20, 2006) be **GRANTED**;

(2)   This action be **DISMISSED** with prejudice.

It is further **ORDERED** that the parties are **DIRECTED** to file any objections to the said Recommendation not later than **March 14, 2007**. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation objected to. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); *see Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*) (adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981).

DONE this 1st day of March, 2007.

/s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE